IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE JEANNIE NESMITH,

    Debtor,

JEANNIE NESMITH,

    Plaintiff,

v.

MONEYLION OF ALABAMA LLC

    Defendant.

Bankruptcy Case Number
21-82097-CRJ-13

Adversary Proceeding No.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Jeannie Nesmith ("Nesmith"), makes the following allegations in her complaint against the Defendant, MoneyLion Inc. ("MoneyLion").

### Parties, Jurisdiction, and Nature of Action

1. Nesmith is the debtor in the above-referenced Chapter 13 bankruptcy case commenced on December 3, 2021. MoneyLion is a corporation organized and existing under the laws of the State of Delaware. At all times material to this complaint, MoneyLion regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Nesmith did business with MoneyLion within this district and division, and it is these business transactions that give rise to this litigation.

2. MoneyLion is listed as a creditor in the schedules filed by Nesmith.

3. Despite having both notice and actual knowledge of the commencement of Nesmith's case, and **filing Proof of Claim number 3** in Nesmith case, MoneyLion drafted funds from Nesmith's bank account post-petition in an attempt to collect a prepetition debt owed by Nesmith to MoneyLion.

4. Nesmith brings this action to recover the actual damages she has sustained as a result of the defendant's willful violations of the automatic stay in this case and to recover punitive damages from the defendant for those violations.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Nesmith's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Nesmith and the Defendant. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

Further, Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages."[2] In the case of Parker v. Credit Central South, Inc. (In re Parker), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

Additionally, the 11th Circuit in *Mantiply v. Horne* (*In re Horne*), 876 F.3d 1076 (11th Cir. 2017), held that nothing in the text of §362(k)(1) limits the scope of attorney's fees to solely ending the stay violation. Congress made sure to add that §362(k)(1)'s definition of "actual damages" includes costs and attorney's fees. See Alan N. Resnick & Henry J. Sommer, 3 *Collier on Bankruptcy* ¶ 362.12[3] (16th Ed. 2014) [hereinafter *Collier*] ("Attorney's fees incurred in prosecuting an action to obtain full relief under the statute, including any entitlement to actual and punitive damages, is as much a part of the debtor's 'actual damages' as those incurred in stopping the stay violation."). Congress did not say those costs and attorney's fees were limited to ending the stay violation, but rather spoke to a full recovery of damages including fees and costs incurred from violating the stay. This explicit, specific, and broad language permits the

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).
[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

recovery of attorney's fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.

## Claim – Violation of the Automatic Stay

6. Nesmith incorporates by reference the allegations in paragraphs one through five of this complaint.

7. MoneyLion is listed as a creditor in Schedule F of the bankruptcy case filed by Nesmith.

8. As a result of MoneyLion being listed as a creditor in the schedules filed by Nesmith, the defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Nesmith's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Nesmith's bankruptcy case gave rise to the automatic stay which, among other things, prohibits MoneyLion from attempting to collect from Nesmith any pre-petition obligation owed by Nesmith to MoneyLion.

10. 11 U.S.C. §362(a)(6) states:

> "**(a)**Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

The actions of MoneyLion violate 11 U.S.C. §362(a) as set forth in this complaint.

11. Despite the imposition of the automatic stay by the commencement of this case, having both notice and actual knowledge of the commencement of this case, and **filing Proof of Claim number 3** in Nesmith's case, MoneyLion drafted two payments from Nesmith's bank account post-petition, causing overdraft fees each time, in an attempt to collect a pre-petition obligation owed by Nesmith to MoneyLion.

The following is a timeline of relevant events:

- 12/3/2021 – Nesmith filed Chapter 13 bankruptcy.

- 12/3/2021 – MoneyLion drafted two payments from the debtor's Woodforest checking account in the amount of $4.60 and $10.34. Plaintiff asserts that those two drafts were violations of the automatic stay, but does not assert that they were willful, only that they are void ab initio and need to be returned to the debtor. (See Exhibit 1 – Early December Bank Statement.)
- 12/15/2021 – MoneyLion received notice by electronic transmission from the Bankruptcy Noticing Center. (See Exhibit 2 – BNC Certificate of Notice 12-17-2021).
- 12/17/2021 – MoneyLion filed Proof of Claim number 3 in Nesmith's bankruptcy case. (See Exhibit 3 – Proof of Claim Number 3).
- 12/17/2021 - MoneyLion again drafted two payments from the debtor's Woodforest checking account. The first draft was for $4.60 and caused an overdraft fee of $32.00. The second draft was for $10.34 and, again, caused an overdraft of $32.00 (See Exhibit 4 – Late December Bank Account Transactions). The Plaintiff asserts that these drafts were willful as the creditor clearly had knowledge of the bankruptcy, as evidenced by their filing of a proof of claim on the **same day**.

12. Nesmith has sustained injury and damage as a result of the defendant's violations of the automatic stay.

13. The defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Nesmith is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against MoneyLion for their willful and intentional violations of the automatic stay. The violation of the automatic stay after receiving electronic notice of the debtor's bankruptcy case and filing a proof of claim is a strong indicator that this is likely not an isolated incident. See Conley v. Sears, Roebuck & Co., 222 B.R. 187, 182, (Bankr. D. Mass. 1998). Sears was held to account for pursuing policies that violated the bankruptcy laws "because it was both extremely lucrative, and unlikely to be detected." The Defendant's actions are indicative that they do not have proper policies and procedures in place to avoid violating the automatic stay. This position is buttressed by the fact that the Defendant, on the same day that they filed a proof of claim, unlawfully debited Ms. Nesmith's bank account.

15. Nesmith was emotionally distressed as a direct and proximate result of the defendant's behavior. Because of the Defendant's actions, she has struggled to fund her Chapter 13 plan and afford basic necessities.

**WHEREFORE**, Nesmith asks this Court to enter an order:
- (A) Awarding Nesmith compensatory damages against MoneyLion including the reasonable attorney's fees and costs incurred by Nesmith in the preparation and prosecution of this adversary proceeding;
- (B) Awarding Nesmith punitive damages against MoneyLion for their willful and intentional violations of the automatic stay, such damages being intended to instill in MoneyLion and other creditors due respect for this court and its orders and to deter them from taking similar action against Nesmith and similarly situated debtors in the future; and
- (C) Granting Nesmith any additional or different relief this court deems appropriate.

Dated: 12/30/2021                                   Respectfully submitted,

                                                    /s/ *John C. Larsen*_____
                                                    John C. Larsen
                                                    Attorney for the debtor/plaintiff,
                                                    Jeannie Nesmith

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com